IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-41101
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN ONEAL LEGGETT

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-312-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kevin Oneal Leggett has appealed his jury conviction of two counts of transportation of illegal aliens by means of a motor vehicle for purpose of commercial advantage or private financial gain, for which he was sentenced to concurrent 45-month terms of imprisonment and to concurrent three-year periods of supervised release.

The district court excluded from evidence an out-of-court written statement of Leggett's codefendant, Roberto Jesus Leal. Leggett contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the evidence should have been admitted. The record reflects that the statement was prepared by Leggett's wife and was signed by Leal after an altercation between Leal and Leggett and after Leal was threatened by Leggett with a baseball bat. The district court did not abuse its discretion in determining that the circumstances did not corroborate the trustworthiness of the out-of-court statement. See United States v. Vega, 221 F.3d 789, 803-04 (5th Cir. 2000); FED. R. EVID. 804(b)(3). Moreover, the record reflects that Leal was available to testify at trial, but was not called as a witness. See Vega, 221 F.3d at 803 (declarant must be unavailable).

Nor did the district court abuse its discretion by allowing the Government to introduce evidence that Leggett had a prior felony conviction. See United States v. Turner, 960 F.2d 461, 465 (5th Cir. 1992). The district court's ruling indicates that it weighed the probative value of the evidence against its prejudicial effect and admitted the evidence because the fact of the conviction was relevant to Leggett's credibility, which was the most important question to be resolved by the jury. See United States v. Preston, 608 F.2d 626, 639 & n.17 (5th Cir. 1979).

Leggett contends that he carried his burden of proof with respect to his justification defense of duress and that the district court abused its discretion by denying his motion for judgment of acquittal under FED. R. CRIM. P. 29. The only evidence that Leggett acted under duress was Leggett's own testimony, which was internally inconsistent and recounted an implausible story. See United States v. Mora, 994 F.2d 1129, 1137 (5th Cir. 1993); see also United States v. Willis, 38 F.3d 170, 175 (5th Cir. 1994) (listing elements of duress defense). Viewing the evidence in the light most favorable to the verdict, a rational juror could have discredited Leggett's testimony. See United States v. Kay, 513 F.3d 432, 452 (5th Cir. 2007), petition for cert. filed (Apr. 8, 2008) (No. 07-1281).

With respect to his sentence, Leggett contends that the district court erred in overruling his objection to the two-level increase in his offense level for obstruction of justice under U.S.S.G. § 3C1.1 because Leggett perjured himself during his trial testimony. The district court's finding that Leggett testified falsely about conduct that formed the basis of the conviction and that Leggett intended to mislead the jury in order to obtain an acquittal is plausible in light of the record as a whole. See United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008). The judgment is

AFFIRMED.